

# COURT OF APPEALS

## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-388-CV

MICHELLE D. MARTZ, D.C. AND                       APPELLANTS
TRINITY WELLNESS CENTER, P.C.               AND APPELLEES

V.

ERIC HALE AND MARGARET HALE             APPELLEES
                                             AND APPELLANTS

----------

## FROM THE 362nd DISTRICT COURT OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1] AND JUDGMENT

----------

We have considered the parties' "Agreement Regarding Disposition Of Appeals," which we construe to be a motion for disposition. It is the court's opinion that the motion should be granted in part and denied in part.[2]

---

[1] *See* Tex. R. App. P. 47.4.

[2] The parties ask us to render a judgment affirming in part and setting aside in part. We cannot do both. Rule 42.1(a)(2) permits us only to *either* render judgment effectuating the parties' agreements *or* set aside the trial court's judgment and remand the case to the trial court for rendition of judgment in accordance with the agreement. *See* Tex. R. App. P. 42.1(a)(2)(A), (B); *Cunningham v. Cunningham*, 2-08-362-CV, 2008 WL 5479677, at *1 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) (memo op.).

Accordingly, without regard to the merits, we vacate the trial court's judgment and remand the case to the trial court for rendition of a judgment in accordance with the parties' settlement agreement.[3]

Costs of the appeal shall be paid by the party incurring the same, for which let execution issue.[4]

PER CURIAM

PANEL:  CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DELIVERED:  April 23, 2009

---

[3] *See* Tex. R. App. P. 42.1(a)(2)(B), 43.2(d); *Innovative Office Sys., Inc. v. Johnson*, 911 S.W.2d 387, 388 (Tex. 1995).

[4] *See* Tex. R. App. P. 43.4.